**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**Vincent A. CIANCI, Jr.**

No. 84–434–M.P.

Supreme Court of Rhode Island.

Oct. 19, 1984.

**1202**

Frank A. Carter, Jr., Chief Disciplinary Counsel, Providence, for plaintiff.

John Tramonti, Jr., Providence, for defendant.

### OPINION

PER CURIAM.

This is a disciplinary proceeding in which the respondent, Vincent A. Cianci, Jr., appeared before this court in response to an order directing him to show cause why he should not be disciplined. The order was issued pursuant to Supreme Court Rule 43 [1] after the clerk of this Court was notified by the clerk of the Superior Court for Providence and Bristol Counties that the respondent had been convicted in the Superior Court of committing an assault with a dangerous weapon.

The assault charge was part of a six-count indictment returned against respondent by a statewide grand jury in late May of 1983. The convictions arose after a plea-bargaining agreement was reached whereby respondent agreed to plead to two assault counts and the Attorney General agreed to dismiss the remaining counts pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. On April 23, 1984, a Superior Court justice imposed a five-year sentence on the assault-with-a-dangerous-weapon count, suspended execution of the sentence, and placed respondent on probation for five years. A one-year suspended sentence was then imposed on the simple-assault count together with a one-year probationary period. Both sentences were to run concurrently.

The episode that gave rise to the indictment occurred in Providence on March 20, 1983. At that time respondent was the mayor of the city of Providence and resided in a carriage-house apartment situated on the city's East Side. Earlier, respondent's wife, who remained in the couple's Blackstone Boulevard marital domicile, had initiated divorce proceedings in the Family Court, alleging irreconcilable differences and asking that she and respondent have joint custody of the couple's young child. On March 19, 1983, respondent had been informed that his spouse had been having an affair with a male whom respondent, at the time of allocution, described as "my friend for 15 years." We see no necessity

1. In essence, this rule provides that any member of the Rhode Island Bar who is convicted in this or any other jurisdiction of a crime that is punishable by imprisonment in excess of a year may be summarily asked to show cause why his license to practice law should not be revoked or suspended rather than have the matter referred to the court's Disciplinary Board. Here, conviction for an assault with a dangerous weapon carries with it a potential punishment of up to ten years' imprisonment. General Laws 1956 (1981 Reenactment) § 11–5–2 (1984 Cum. Supp.). Under Rhode Island law, unless the statute specifically provides to the contrary, any crime carrying a potential punishment of a fine of up to $500 or a year in prison is to be considered a misdemeanor, and a crime carrying a potential punishment of a fine in excess of $500 or imprisonment in excess of a year is, unless the statute provides to the contrary, to be considered a felony. Section 11–1–2.

for writing at length about what occurred when the "friend," in response to respondent's invitation, arrived at the apartment, except to note that the assistant attorney general, in describing what happened, said that the friend was "punched, hit, slapped and * * * kicked repeatedly." An ashtray was hurled but missed its mark; respondent's efforts to employ a fireplace log in a capacity other than that for which it was intended were intercepted by one of three onlookers, all friends of respondent as well as city employees; but a lighted cigarette did make contact and resulted in a second-degree burn to the friend's left upper eyelid. The respondent has described his conduct as an "emotional outburst" deriving from a personal domestic matter whereas the assistant attorney general has taken the opposite tack and pointed out that the Ciancis' domesticity had terminated a year before the assault incidents when the couple entered into a separation agreement indicating that they could live separately and apart, as if single. The trial justice made no comment about the conflicting views presented to him, and this court is not in a position to determine the truth of one view or the other.

▮ The issue before us—should discipline be imposed—is both simple and difficult. The ready response is, certainly. The difficult factor arises when we begin to consider just what action on our part would constitute a suitable sanction. The primary purpose of attorney disciplinary proceedings is not punishment. Rather, it is to protect the public interest and nurture public confidence in the legal profession by reaffirming the bar's fidelity to the high ethical standards that the public has a right to expect from the legal profession. *Carter v. Ross*, R.I., 461 A.2d 675, 676 (1983).

As noted earlier, respondent has been a public official. At the time of the felony assault, he was the mayor of the state's capital city and had been for over eight years. Before assuming the office of mayor, he served as a trial attorney for the Department of the Attorney General, beginning in 1969. As far as the record discloses, respondent has, as an attorney, conducted himself in an exemplary fashion.

▮ In protecting the public interest that assumes that those who administer the system of justice are responsible professionals, we, as guardians of that interest, must consider not only the activity that precipitated the disciplinary proceeding but also the prior conduct of a respondent. After considering both of these factors and others here, this court believes that public confidence in the legal profession and the judicial system can be maintained without an order of disbarment or suspension.

▮ The factors that mitigate against the imposition of a sanction of disbarment or suspension are as follows. There is no evidence in the record that the respondent had, prior to the events of March 20, 1983, demonstrated unworthiness to engage in the practice of law. It would appear that the respondent, with his extensive involvement in public service, has had little time for the private practice of law. It is also clear that before the respondent appeared before this court in chambers on the disciplinary question, he had already been the recipient of a severe sanction. As a result of ˄ the assault-with-a-dangerous-weapon conviction, he has had to forfeit the balance of the term to which he was elected in November 1982 and which he commenced in January 1983. *See Gelch v. State Board of Elections*, 482 A.2d 1204 (1984). The respondent served the citizens of the state of Rhode Island well during the period of his term of service with the Attorney General's department. On this record, nothing in the assault episode can be said to impugn the respondent's honesty, integrity, or his skill as an attorney. For a period of five years he will remain in a probationary status, during which period any untoward behavior on his part could result in the imposition of a five-year prison sentence as well as the imposition of the ultimate sanction of disbarment. In light of these factors, it is the court's opinion

that the sanction of public censure will act as a deterrent to any future misconduct and protect the public, the courts, and the profession from any further unprofessional behavior on the respondent's part.

Accordingly, the respondent, Vincent A. Cianci, Jr., is publicly censured for engaging in the violent conduct that gave rise to the assault-with-a-dangerous-weapon charge.

MURRAY, J., did not participate.