## OPINION

In the Matter of Robert D. WATT.

No. 97–507–M.P.

Supreme Court of Rhode Island.

Oct. 31, 1997.

David Curtain, Chief Disciplinary Counsel, for Petitioner.

Aurendina G. Veiga, for Respondent.

Before WEISBERGER, C.J., and BOURCIER and GOLDBERG, JJ.

**PER CURIAM.**

This matter is before the court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Robert D. Watt, be publicly censured for engaging in professional misconduct. Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure provides in part: "If the [Disciplinary] Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order." These disciplinary proceedings result from respondent's failure to represent and communicate with a client properly and his failure to respond to demands for information from the disciplinary counsel. The pertinent facts, which are undisputed, are as follows.

Saida Guerra (Guerra) incurred personal injuries as a result of having been struck by an automobile in 1987. She retained respondent to represent her in a claim for damages arising from those injuries. In December of 1987 respondent filed a civil action on behalf of Guerra in the Providence County Superior Court against both the operator and the owner of that vehicle. Service was effectuated upon both defendants. Four years later, no responsive pleading having been filed, he obtained a default judgment in favor of his client on the issue of liability but not on the issue of damages. The respondent failed to take any further action to pursue his client's case to conclusion.

In October of 1995 Guerra filed a complaint against respondent with the Supreme Court Disciplinary Counsel. The respondent did not file a timely response to that complaint. However, after receipt of several requests for a response, respondent acknowledged that he had not been diligent in pursuing his client's case. He indicated a willingness to press the case to conclusion, and Guerra assented to respondent's continued representation.

In April of 1996 Guerra contacted the disciplinary counsel regarding her receipt of a citation in supplementary proceedings that had been served upon her by the physician who had treated her for the injuries sustained in the automobile accident. Her attempts to communicate about this matter with respondent were unsuccessful. She advised the disciplinary counsel of respondent's lack of response to this issue.

On the basis of this information a meeting was scheduled between respondent and the disciplinary counsel regarding respondent's representation of Guerra. The respondent agreed to assign Guerra's case for oral proof of claim upon receipt of final medical reports and to provide the disciplinary counsel with a written status report within one month's time on his progress with the case. Despite repeated requests from the disciplinary counsel, he did neither.

On December 17, 1996, a petition for disciplinary action was filed against respondent, alleging he had violated Article V, Rules 1.3, 1.4(a), and 8.1(b) of the Supreme Court Rules of Professional Conduct. Those rules require that an attorney must act with reasonable diligence and promptness in representing a client, must keep a client reasonably informed about the status of a matter, and must respond to a lawful demand for information from a disciplinary authority, respectively. The respondent did not file a responsive pleading to that petition. Accordingly, pursuant to Rule 3.18(d) of the Rules of Procedure of the Disciplinary Board, those charges are deemed to be admitted.

A hearing on the petition was conducted before a retired judge on February 26, 1997.[1] The respondent appeared, represented by his own counsel, to testify in mitigation. He acknowledged at the outset of the hearing that the facts contained in the petition were true.

 In explanation of his failure to proceed with his client's case and of his failure to cooperate with the disciplinary counsel, respondent testified to the following facts.

He maintains a virtually overwhelming caseload of 500 active matters and works approximately ninety-five hours per week. He has not had a legal secretary for most of the previous seven years and has personally performed the clerical and typing work for his clients' cases. His family life has been in turmoil, and his personal finances can best be described as precarious.

Turning to the merits of Guerra's case, we note that respondent's investigation of the claim revealed that the defendants were, for all practical purposes, judgment proof. After the civil suit was filed, respondent received notice that the defendants would be represented by Rhode Island Legal Aid, which provides legal representation to indigent clients in need of legal assistance.

There was no insurance carrier with liability to pay any claim or judgment. After suit was commenced, one of the parties defendant died leaving no estate. However, respondent did not communicate his opinion to his client that proceeding to final judgment might be an exercise in futility.

 The respondent acknowledged his failure to respond to the disciplinary counsel. He did not seek to excuse his misconduct; rather, he attributed this failure to "embarrassment, fear and * * * inability to deal with the problem." However, as noted by the hearing judge, this explanation does not provide a sufficient excuse for failure to cooperate with the disciplinary counsel. Any such failure to cooperate has a corrosive effect on the confidence that the public must have in the legal profession's ability to regulate the conduct of its members.

 We concur with the findings of the hearing judge that the respondent had violated each of the rules charged. We note that the respondent has previously been admonished by the board on four other occasions for neglecting client matters. In fashioning an appropriate sanction, we are cognizant that the purposes of professional discipline are to protect the public and to maintain the integrity of the profession. We believe those

---

1. Article III, Rule 4(c), of the Supreme Court Rules of Disciplinary Procedure provides that a retired judge may preside over disciplinary hear-

ings and submit his or her findings of fact and recommendation to the Disciplinary Board.

purposes can best be served by adopting the recommendation that the respondent be publicly censured and that his continued practice of law be subject to supervision.

Accordingly it is hereby ordered that the respondent, Robert D. Watt, be publicly censured for engaging in the above-noted conduct. Further, this court directs the respondent to arrange for supervision and for the assistance of other attorneys with whom he practices and to submit a plan of supervision to the disciplinary counsel within thirty days of the date of this opinion.

LEDERBERG and FLANDERS, JJ., did not participate.