**In the Matter of Joseph
A. COZZOLINO.**

**Nos. 2001–56–M.P.**

Supreme Court of Rhode Island.

March 14, 2001.

David Curtin, Chief Disciplinary Counsel, for Petitioner.

Joseph A. Cozzolino, Westerly, for Respondent.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

OPINION

PER CURIAM.

This matter came before the Court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Joseph A. Cozzolino, be suspended from the practice of law. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in part:

"If the [Disciplinary] Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the

entire record, to this Court. This Court shall review the record and enter an appropriate order."

On February 1, 2001, respondent appeared before the Court pursuant to an order directing him to show cause why the disciplinary sanction recommended by the board should not be imposed. After consideration of the findings and recommendations of the board, and having heard the representations of respondent, it is the opinion of this Court that cause has not been shown and that professional discipline is warranted.

■ The material facts supporting the board's recommendation arose from respondent's representation of three clients in unrelated matters. Each of these clients had filed complaints with the board against respondent, and the complaints were consolidated for a hearing held before the board on August 24, 2000. We summarize the pertinent facts in each of these matters below.

In February 1999, Brenda Bowers (Bowers) retained respondent to represent her in filing for a divorce in the State of Connecticut.[1] The attorney-client relationship got off to a rocky start, and on April 26, 1999, Bowers filed a complaint with the board alleging that respondent had failed to promptly serve her husband with the divorce complaint and also that respondent failed to return her numerous phone calls to obtain information about her case.

The board forwarded a copy of that complaint to respondent, requesting that he provide an answer to those allegations. However, respondent was as unresponsive to the board as he was to his client. After two unanswered requests for information the board filed a petition with this Court seeking an order compelling respondent to

1. The respondent is a member of the bar in Rhode Island and Connecticut. Pursuant to Article V, Rule 8.5 of the Supreme Court Rules of Professional Conduct an attorney admitted in this state is subject to the disciplinary authority of this Court even if he or

she is engaged in practice elsewhere. Accordingly, while respondent was engaged to represent his client in a judicial proceeding in Connecticut he is subject to the disciplinary jurisdiction of this Court.

file an answer. We granted that petition and issued an order directing respondent to submit his answer within ten days or be suspended from the practice of law with no further notice.

The respondent was served with a copy of our order on June 28, 1999. He did not comply with our directive to file a response, and accordingly was suspended from the practice of law on July 13, 1999. Apparently, that suspension order impressed upon respondent his obligation to respond to the board. He immediately filed his answer, and after a personal conference with a duty justice of this Court, wherein he granted his assurances that he would be more responsive in the future, he was reinstated on July 16, 1999.

These assurances proved to be somewhat empty, in that he again failed to respond to a further inquiry of the board concerning the status of Bowers's complaint. Formal charges were brought against respondent alleging a lack of diligence and failure of communication on the part of respondent, and failure to respond to the board. Ironically, respondent appears to have been more responsive to his client, and continued to represent her as of the time of his hearing before the board. The allegations that he had breached his duties of diligence and failure to communicate with his client were dismissed by the board. However, his failure to respond to the board remained an issue in this case. In his testimony before the board respondent claimed he has problems with his mail and does not receive notice when certified mail is sent to him. The board found his testimony on this issue less than credible.

The second matter before the board was a complaint filed by Benjamin Geer (Geer). Geer hired respondent to represent him in a hearing scheduled before the Family

Court in Connecticut on July 6, 1999, and made a partial payment of $200 for that representation. The respondent did not appear, although the reasons for his failure to appear remain disputed. Geer subsequently filed a complaint with the board seeking a return of his file and his $200.

Apparently, our previous order of suspension in the Bowers matter proved to have ephemeral effect. A copy of Geer's complaint was forwarded by the board to respondent on August 17, 1999, requesting that he reply within twenty days. When that period elapsed without an answer a second notice was forwarded to him, to which he did reply. However, a subsequent attempt to obtain further information was not responded to until a personal meeting with an assistant disciplinary counsel, and even then he was dilatory in submitting his reply.[2]

■ The third and most egregious complaint was filed by Marie Barton (Barton). Barton retained respondent in June 1997 to obtain a divorce from her husband. He timely filed a complaint for divorce in the Family Court of Rhode Island. That matter was uncontested, and was tried as a nominal divorce on October 30, 1997. Final judgment could have been entered ninety days after that date.

Unfortunately, respondent took no further action to bring the divorce to a conclusion. On September 15, 1999, Barton filed a complaint with the board. Surprisingly, respondent did submit a timely response to this complaint. However, the board was not persuaded by his stated reasons for the delay in finalizing this divorce.[3] He failed to reply to a subsequent written request for further information. As a result of a meeting with an assistant disciplinary counsel on January 6, 2000, he

2. At the conclusion of the disciplinary hearing the board dismissed allegations of lack of diligence and failure to communicate with the client in this matter as well.

3. The respondent said that his failure to conclude the divorce was occasioned by the hus-

band's failure to approve a proposed final judgment and failure to pay his fee. He was unable to produce any documentary evidence of his attempts to communicate with the husband.

agreed to promptly file a motion for entry of final judgment in the divorce case. However, he did not reply to a written request for a status report on his efforts to obtain a final decree, and the divorce case remained pending at the time of the disciplinary proceeding.[4]

In all three of these matters the board concluded that respondent violated Article V, Rule 8.1(b) of the Supreme Court Rules of Professional Conduct. That rule provides, in pertinent part, that a lawyer in connection with a disciplinary matter shall not "knowingly fail to respond to a lawful demand for information from * * * disciplinary * * * authority * * *."

We concur with the findings of the board on this issue. Like the board, we are not persuaded by respondent's representations concerning his difficulties receiving regular or certified mail, and we deem his explanations to be less than credible. He further represented to the board that his own health problems and those of his family members largely kept him from responding. However, we note that between 1987 and the present, respondent has received numerous private admonitions and reprimands from the board for neglecting client matters and failing to respond in a timely manner to disciplinary counsel.

We have previously noted that an attorney's failure to cooperate with the disciplinary process "has a corrosive effect on the confidence that the public must have in the legal profession's ability to regulate the conduct of its members." *In the Matter of Watt,* 701 A.2d 1011, 1012 (R.I.1997) (per curiam). The respondent's persistent cavalier attitude about his duties to the board and this Court serves to undermine public confidence in the profession, and thus it must be sanctioned.

Additionally, the board concluded, and we agree, that respondent failed to exercise due diligence in his representation of Barton in violation of Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct[5] and failed to properly communicate with her in violation of Rule 1.4.[6] The respondent's failure to bring this divorce to a proper conclusion over such an extended period and his failure to keep his client adequately informed about the status of her case are inexcusable.

Having concluded that the respondent clearly has violated his ethical obligations in these matters, the sole remaining issue is to determine the appropriate level of discipline to impose. The purposes of professional discipline are to protect the public and maintain the integrity of the profession. *In the Matter of O'Donnell,* 736 A.2d 75, 81 (R.I.1999) (per curiam); *In the Matter of Scott,* 694 A.2d 732, 736 (R.I.1997) (per curiam). The board has recommended that the respondent be suspended from the practice of law for sixty days. Our review of the record leads us to conclude that such a recommendation is appropriate.

Accordingly, the respondent, Joseph A. Cozzolino, is hereby suspended from the practice of law for sixty days, commencing thirty days from the date of the filing of this opinion.

WILLIAMS, C.J., did not participate.

---

4. Subsequent to the disciplinary hearing and before his appearance before the court, final judgment was entered in the divorce case.

5. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct entitled "Diligence," provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

6. Subsection (b) of Rule 1.4, entitled "Communication," provides: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." (This provision was previously set forth as Rule 1.4(a), but became Rule 1.4(b) as a result of a rule amendment effective May 1, 1998.)