### In the Matter of Joseph A. COZZOLINO.

### No. 2001–240–M.P.

Supreme Court of Rhode Island.

July 3, 2001.

---

David A. Curtin, Buffalo, NY, for Plaintiff.

Merlyn P. O'Keefe, Peace Dale, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter came before the Court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Joseph A. Cozzolino (respondent), be temporarily suspended from the practice of law. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

"If the Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

On June 18, 2001, respondent appeared before the Court pursuant to an order directing him to show cause why the disciplinary sanction recommended by the board should not be imposed. After consideration of the findings and recommendations of the board, and the representations of respondent, we entered an order on June 19, 2001 suspending respondent from the practice of law until further order of this Court.

The material facts supporting the board's recommendation and our subsequent order arise from a complaint filed by Frank and Anne Marie Madden (the Maddens) with the board on March 3, 2000. In their complaint, the Maddens allege that they had retained respondent in July 1998, to prepare the necessary documents to sell their mobile home. The Maddens claimed that they had paid respondent's fee but had not received the documents. Additionally, they claimed respondent had not returned numerous telephone calls initiated by the Maddens to resolve the matter.

The board forwarded a copy of the complaint to respondent requesting that he provide an answer to those allegations. No response was received. The board forwarded a second request. Again, no response was received. On May 5, 2000, the board filed a petition with this Court seeking an order compelling respondent to file an answer. We granted that petition, and issued an order directing respondent to submit his answer within ten days or be suspended from the practice of law until further notice. After being served with a copy of our order, respondent answered

the complaint and a hearing on the substantive charges was held.

The board concluded that respondent violated Article V, Rules 1.3,[1] 1.4(b),[2] and 8.1(b)[3] of the Supreme Court Rules of Professional Conduct (an additional allegation that respondent engaged in conduct violative of Rule 8.4(c) was dismissed during disciplinary proceedings). We concur with the findings of the board.

It is clear from the record before us that respondent failed to exercise diligence when he did not provide the Maddens with the documents to which they were entitled. Further, respondent failed to properly communicate with the Maddens in order that the matter could be brought to a proper conclusion. The failures of respondent, coupled with his neglect with respect to the board's administration of the complaint, are inexcusable.

Having concluded that the respondent has violated his ethical obligations in this matter, the sole remaining issue is to determine the appropriate level of discipline to impose. Our review of the facts of this case and the respondent's past dealings with the board lead us to conclude that the public can be best protected by his indefinite suspension from the practice of law. The respondent has again presented mitigation testimony that the board had rejected as incredible in a previous matter. *See In re Cozzolino,* 767 A.2d 71, 73 (R.I.2001). Further, the respondent's disciplinary history is extensive. He has been admonished by the board on eight separate occasions since 1988. The board has issued three letters of reprimand to respondent, one in 1995, and two in 1999. This case marks the third occasion, upon which the board has been compelled to seek an order from this Court directing respondent to comply with his Rule 8.1(b) obligations.

Accordingly, the respondent is hereby suspended from the practice of law indefinitely. We will not consider any application for reinstatement until all of the respondent's pending disciplinary matters have been resolved. It shall be the respondent's burden to persuade this Court by clear and convincing evidence that he is fit to resume the practice of law, should he seek reinstatement.

---

1. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

2. Rule 1.4(b) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable request for information."

3. Rule 8.1(b) provides in pertinent part that "a lawyer in connection with * * * a disciplinary matter * * * shall not: * * * knowingly fail to respond to a lawful demand for information from [a] * * * disciplinary * * * authority * * *."