In the Matter of Joseph
A. COZZOLINO.

No. 2002–620–M.P.

Supreme Court of Rhode Island.

Dec. 11, 2002.

David D. Curtin, for Plaintiff.

Joseph A. Cozzolino, Westerly, for Defendant.

Before WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter came before this Court pursuant to decisions and recommendations of the Supreme Court Disciplinary Board (board) that respondent, Joseph A. Cozzolino (respondent) be sanctioned for miscon-

duct in the course of the practice of law. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

> "If the Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

On July 3, 2001, this Court suspended respondent from the practice of law for an indefinite period, and determined that we would not consider any application for reinstatement until all his then-pending disciplinary matters had been resolved. *See In re Cozzolino*, 774 A.2d 891 (R.I.2001). Since that date the board has heard three formal proceedings, involving complaints filed against respondent by four clients. The respondent appeared *pro se* in these proceedings. He was given the opportunity to present evidence on his behalf, and in each of the proceedings he presented mitigation testimony. The board made findings of fact and submitted a recommendation of discipline in each matter. All respondent's pending disciplinary matters before the board have now been concluded.

After the decisions of the board were filed in this Court, we ordered respondent to appear to show cause why he should not be disciplined. The respondent appeared *pro se* before this Court on October 10, 2002. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that respondent should be disciplined. However, we decline to adopt the disciplinary recommendations of the board and hereby disbar respondent from the practice of law.

The material facts supporting our decision are as follows.

In January 2000, Darlene Look (Look) hired respondent to file a petition for divorce on her behalf in the State of Connecticut, where he also is licensed to practice. Look paid the agreed-upon retainer fee of $1,000 in two installments, with the last payment and the necessary information for filing the divorce provided to respondent in February 2000. The respondent never initiated divorce proceedings on her behalf.

On March 3, 2000, Look was served with a divorce petition that had been filed by her husband in Rockville County, Connecticut. The divorce petition had a return date of March 21, 2000. Look delivered the petition to respondent, who advised her that he would file an answer, counterclaim and motion for temporary orders on her behalf. It is undisputed that respondent did not file these pleadings in Rockville County. The respondent asserted, however, that he filed those pleadings in another county.

Look placed at least ten telephone calls to respondent between March and June 2000 to determine the status of her case. The respondent did not return any of those calls. In June 2000, she mailed to him a certified letter wherein she advised him that she was hiring a new lawyer, and requested a refund of her retainer and the return of her file. That letter was returned to Look by the United States Postal Service marked "unclaimed."

On July 31, 2000, Look filed a complaint against respondent with the board. The board forwarded a copy of the complaint to respondent requesting that he provide an answer to the allegations. No response was received. The board forwarded a second request. The respondent did not respond with an answer until twenty-seven days later. A hearing on the substantive

charges eventually was held. On the day of the hearing, almost five months after the formal charges were filed and approximately one year from the time Look requested the return of her retainer, respondent refunded her $500. He later made an additional refund of the remaining $500.

The board concluded that respondent violated Article V, Rules 1.3, 1.4(b), 1.17(d), and 8.1(b) of the Supreme Court Rules of Professional Conduct.[1] Cognizant of respondent's extensive disciplinary history, the board recommended that respondent's misconduct warranted a nine-month suspension from the practice of law, subordinate to the indefinite suspension that he currently was serving, and that he be required to apply for reinstatement.

In the second matter before the board, a hearing was consolidated on complaints filed by Jean Babcock (Babcock) and Steven DiMartino (DiMartino). On September 12, 2000, Babcock paid respondent a $500 fee to represent her incarcerated son on a motion to reduce his sentence. The respondent did not pursue such a motion or file an entry of appearance with the court. The public defender's office remained the attorney of record throughout respondent's "representation" of Babcock's son. Babcock made numerous efforts to communicate with respondent about her son's case, but he did not communicate with her or take any action on her son's

behalf. On March 14, 2001, Babcock wrote a letter to respondent requesting a refund. He did not reply to that request. She filed a complaint with the board. The respondent subsequently repaid the retainer in two $250 installments, after formal disciplinary charges were filed.

DiMartino hired respondent to represent him before the Family Court relative to child custody and visitation matters and paid a retainer fee of $250. The respondent did not take any substantive actions on DiMartino's behalf, despite his promise to obtain a court hearing within one month. He also did not communicate with DiMartino or return his file, asserting that he was still "representing" him even though he had been suspended from the practice of law.

The board concluded that respondent had violated Rules 1.3, 1.4(b) and 1.17(d). The board recommended that respondent be suspended from the practice of law for an indefinite period.

The last matter before the board concerned client Anthony Bevilacqua (Bevilacqua). Bevilacqua received a demand letter for payment from a builder who had done work on his home, and retained respondent to represent him in responding to that payment demand and to initiate legal action against the builder for failing to complete the work specified in the con-

---

1. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct, entitled "Diligence," provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

Rule 1.4(b), entitled "Communication," provides: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

Rule 1.17(d), entitled "Declining or terminating representation" provides: "Upon termination of representation, a lawyer shall take steps to the extent rea-

sonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

Rule 8.1(b), entitled "Bar admission, disciplinary and educational matters," provides: "a lawyer in connection with * * * a disciplinary matter * * * shall not: * * * (b) knowingly fail to respond to a lawful demand for information from [a] * * * disciplinary * * * authority * * *."

tract. Bevilacqua paid respondent a $300 retainer. Bevilacqua made numerous attempts to contact respondent, but his telephone calls were not returned. Bevilacqua was served with a complaint filed against him by the builder. The respondent did not answer the complaint, file a counterclaim against the builder, or file an entry of appearance in the civil action. A default judgment in the amount of $3,800 was entered against Bevilacqua.

Bevilacqua obtained new counsel and attempted to set aside the default. The respondent fully cooperated with Bevilacqua's new counsel, and admitted that he had failed to file an answer. The board concluded that respondent violated Rules 1.3 and 1.4(b). The board recommended that respondent be reprimanded.

We concur with the findings of the board. However, we do not agree with the recommended sanctions.

■ Having concluded that respondent has violated his ethical obligations in these matters, our only remaining duty is to determine the appropriate level of discipline to impose. Our review of the facts of these cases and respondent's past dealings with the board and this Court lead us to conclude that the public can be best protected by disbarring respondent from the practice of law. *See In re O'Donnell*, 736 A.2d 75, 81 (R.I.1999). In fashioning an appropriate sanction we weigh both the mitigating and aggravating factors present in each case. *See In re Fishbein*, 701 A.2d 1018, 1020 (R.I.1997). The respondent's disciplinary history is extensive. He has been admonished by the board on eight separate occasions since 1988. The board has issued three letters of reprimand to respondent, one in 1995, and two in 1999. On three occasions this Court has been compelled to order respondent to reply to disciplinary complaints under penalty of immediate suspension. He previously has

been suspended from the practice of law for sixty days, *see In re Cozzolino*, 767 A.2d 71, 74 (R.I.2001), and currently is serving an indefinite suspension. *See In re Cozzolino*, 774 A.2d at 893.

The respondent appeared before this Court at its conference on October 10, 2002. After hearing his representations it is patently clear to this Court that respondent utterly fails to grasp the significance of his misconduct and that he is incapable of appreciating his duties to his clients. His long history of neglecting legal matters entrusted to his care, his chronic inability to properly communicate with his clients, and his persistent failure to cooperate in a timely manner with the disciplinary process established by this Court leads us to conclude that we must impose the most serious disciplinary sanction.

■ We give great deference to the recommendations forwarded to us by the board. The volunteer lawyer and public members of the board render a great service to this Court and the citizens of this state, and diligently perform their often thankless tasks. However, the final determination of the appropriate sanction in an attorney disciplinary case rests with this Court. In this instance for the above-stated reasons, we deviate from the recommendation of the board, and hereby disbar respondent from the practice of law in this state.

■ Finally, we note that the respondent has maintained his law office in Rhode Island as his sole place of business, and has continued to represent clients in the State of Connecticut during his indefinite suspension. We believe this creates the very real possibility of confusion about his authority to practice law in this state. Accordingly, we direct the respondent to close his office in Rhode Island forthwith.

In addition, we hereby place all lawyers admitted to the practice of law in this and other jurisdictions on notice that a suspension or revocation of the right to practice law in this state requires the closure of any office established for the practice of law in Rhode Island.