In the Matter of Paul L. FOSTER.

No. 2003–144–M.P.

Supreme Court of Rhode Island.

June 3, 2003.

David A. Curtin, Chief Disciplinary Counsel, for Petitioner.

Paul L. Foster, Lincoln, for Respondent.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter came before the Court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Paul L. Foster (respondent), be publicly censured for misconduct in the practice of law. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

> "If the [b]oard determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

Pursuant to our order, respondent appeared before the Court on March 20, 2003, to show cause, if any, why he should not be disciplined. After hearing the representations of respondent, and reviewing the record of the proceeding before the board, we determine that respondent should be disciplined in accordance with the board's recommendation. The pertinent facts are as follows.

On October 10, 1996, Robert Jensen (Jensen) paid respondent a retainer fee for legal representation relating to a dispute he had with the Rhode Island Housing Mortgage and Finance Corporation (RIHMFC). Jensen was a general partner in RIHMFC, which manages low-income housing developments. As a result of a disagreement, RIHMFC threatened to remove Jensen from the partnership.

The respondent told Jensen that he would seek a restraining order to keep RIHMFC from removing him from the

partnership. Later, respondent reported to Jensen that he had appeared before a Superior Court justice, who denied injunctive relief. As a result, RIHMFC removed Jensen from his position as general partner.

The respondent then represented to Jensen that he would attempt to resolve his dispute with RIHMFC through negotiation. Jensen directed respondent to initiate litigation on his behalf if negotiations were unsuccessful. In August 1999, respondent advised Jensen that he had filed an action on his behalf. Jensen made numerous requests for a copy of the civil complaint.

As a result of his investigation, Jensen learned that no suit had been filed. At this point it also became clear to Jensen that, not only had there been no hearing for a restraining order, but also that respondent never had sought injunctive relief on Jensen's behalf.

In March 2000, Jensen forwarded a registered letter to respondent demanding his file and an accounting of his previously paid retainer. Approximately one month later, respondent forwarded the file, but he did not provide any accounting or refund for the unearned portion of the retainer. Jensen then filed a complaint with the board.

At the disciplinary hearing, respondent admitted the factual allegations of Jensen's complaint. The board concluded that respondent neglected Jensen's case in violation of Article V, Rules 1.3,[1] 1.4,[2] and 8.4(c)[3] of the Supreme Court Rules of Professional Conduct. We concur with the findings of the board. It is apparent that respondent neglected a legal matter entrusted to his care and failed to provide his client accurate, truthful or responsive answers to his reasonable requests for information. Most egregiously, he actively misled his client by falsely asserting that he had filed the suit on Jensen's behalf.

The board also heard a second complaint arising from respondent's representation of Walter Lenartowicz (Lenartowicz). Lenartowicz wished to obtain legal title to unimproved real estate in Lincoln that was owned by the heirs of James Kelley (Kelley). Lenartowicz had been using the vacant property to store business equipment with the permission of one of Kelley's heirs. The heirs, however, did not pay the real estate property taxes, and the Town of Lincoln (town) sold the property at a tax sale. The purchasers then moved to foreclose the right of redemption by commencing an action against the heirs of Kelley and Lenartowicz.

In July 1999, Lenartowicz paid respondent $4,000 to represent him and to negotiate redemption of the property. After

1. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct, entitled "Diligence," provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

2. Rule 1.4, entitled "Communication," provides, in relevant part:
   "(a) When a lawyer has not regularly represented a client and has reason to believe that the client does not fully understand the nature of the attorney-client relationship and the expectations and obligations out of that relationship, the lawyer shall take reasonable steps to inform the client of the nature of the attorney-client relationship before the representation is undertaken.
   "(b) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

3. Rule 8.4(c), entitled "Misconduct," states: "It is professional misconduct for a lawyer to: * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

negotiations, the parties reached an agreement wherein Lenartowicz paid $9,100 to redeem the property. After receiving the money, the tax sale purchasers forwarded the proper deeds to respondent. However, respondent did not forward the deeds to Lenartowicz, nor did respondent record them or advise Lenartowicz that he possessed the deeds.

Over the course of the following year, Lenartowicz made numerous attempts to communicate with respondent about the status of his ownership of the property. The respondent did not reply to most of those inquiries. When he did respond, he advised Lenartowicz "not to worry about it," and that he "was taking care of it." Over the course of the year, no one paid the real estate property taxes as they became due. Lenartowicz attempted to pay the taxes himself, but the town would not accept his payments because he was not a record owner.

· The town sold the property at a second tax sale. The original tax sale purchasers bought the property again and filed another petition to foreclose the right of redemption. When served with the second petition, Lenartowicz obtained new counsel, paid approximately $8,000 to redeem the property, and obtained and recorded the appropriate deeds. He then unsuccessfully requested an accounting and refund from respondent of the unearned portion of the fee. He filed a complaint with the board when he received neither the accounting nor the refund.

▮ The respondent admitted these facts at the hearing. The board determined that respondent had violated Rules 1.3 and 1.4 in his representation of Lenartowicz. Additionally, the board found that his conduct violated Article V, Rule 1.17(d) of the Supreme Court Rules of Professional Conduct.[4] We concur with the board's findings. The respondent clearly neglected Lenartowicz's legal matter, failed to properly communicate with him, and failed to provide the required accounting or refund.

▮ Having determined that respondent violated various obligations under the Rules of Professional Conduct, we must now determine the appropriate sanction. In fashioning a sanction, the board and this Court consider the facts of the case along with any aggravating and mitigating factors. *See In re Matter of Fishbein*, 701 A.2d 1018, 1020 (R.I.1997) (per curiam).

The board noted the following aggravating factors. The respondent previously has received private discipline for similar violations. In 1996, a screening panel of the board issued an admonition for his misconduct, and in March 2002, the full board reprimanded him. Additionally, he was reprimanded twice for failing to timely respond to a lawful request from disciplinary counsel, and he also has been reprimanded for failing to provide a client with a copy of his file.

The board also heard significant mitigating evidence from respondent. The respondent has practiced law in this state since 1973. He did not receive a single disciplinary complaint during his first 22 years of practice. · In February 2001, before any formal charges were filed against him, respondent began treatment for clinical depression. Among the symptoms of

---

**4.** Article V, Rule 1.17(d) of the Supreme Court Rules of Professional Conduct entitled "Declining or Terminating Representation" provides, in pertinent part: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

his depression was the inability to concentrate on matters of importance, including his client's affairs. His treating physician determined that his depression began before October 1999, and that respondent was suffering from depression during the time he was hired by Jensen and Lenartowicz.

Additionally, while these proceedings were pending, respondent paid $9,500 in restitution to Jensen and $7,500 in restitution to Lenartowicz. He freely admitted his misconduct and acknowledged the harm that he had caused. Furthermore, he expressed sincere remorse while testifying before the board.

After carefully weighing these factors, the board recommended that we publicly censure the respondent for his misconduct in these two matters. Professional discipline serves two functions: (1) protection of the public and (2) maintaining the integrity of the profession. *In re Matter of Scott,* 694 A.2d 732, 736 (R.I. 1997) (per curiam). Although this Court is the final arbiter of professional discipline, we give great weight to the board's recommendations. *In re Matter of Cozzolino,* 811 A.2d 638, 641 (R.I.2002) (per curiam). Our review of the record in this case leads us to conclude that the board-recommended sanction best serves the purposes of professional discipline.

Accordingly, we accept and adopt the board's recommendation. This Court hereby publicly censures the respondent, Paul L. Foster.

Justice FLAHERTY did not participate.