In the Matter of Eileen G. COONEY.

No. 2005–68–M.P.

Supreme Court of Rhode Island.

March 16, 2005.

David Curtin, for Petitioner.

Susan Pacheco, Providence, for Respondent.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

PER CURIAM.

This disciplinary proceeding comes before the Court pursuant to the provisions of Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. The Disciplinary Board of the Supreme Court of Rhode Island (board) conducted a hearing on a consolidated petition for disciplinary action, alleging that the respondent, Eileen G. Cooney (respondent), had violated the Supreme Court Rules of Professional Conduct in her representation of two clients. It is the recommendation of the board that the respondent be publicly censured; that her practice of law be supervised by a member of the Rhode Island Bar; and that she continue with medical treatment. After reviewing the record, we accept the findings and recommendations of the board.

The facts giving rise to this disciplinary proceeding are as follows. In July 2001, respondent was retained by the family of Belmira Ferreira (Ferreira) (the family name is Pereira) to assist her in obtaining permanent resident alien status. In September 2001, she received a check from the Pereira family for the required filing fee with the Immigration and Naturalization Service (INS) and she prepared the appropriate application. It is undisputed that this application was not received by the INS.

The board found that between September 2001 and January 2003, members of the Pereira family made numerous attempts to communicate with respondent and ascertain the status of the application. In January 2003, respondent learned that Ferreira's application had not been received by the INS. She prepared a second application and had that application signed by the appropriate members of the Pereira family. However, respondent failed to file this second application with the INS, and she did not inform her client that she had failed to do so.

On January 15, 2004, a complaint was filed by the Pereira family with the board. The respondent did not respond to two notices of this Court's disciplinary counsel (counsel) instructing her to file a written response to that complaint. On February 24, 2004, the counsel filed a petition with this Court pursuant to Article III, Rule 6(e) of the Supreme Court Rules of Disciplinary Procedure seeking an order reprimanding respondent for failing to answer the complaint and directing her to file a response or face suspension from the practice of law. The respondent did not respond to that petition or appear for the scheduled hearing. On March 18, 2004, this Court entered an order reprimanding respondent and directing her to file an answer to the complaint within ten days.

The respondent was served personally with a copy of that order on March 24, 2004. She did not comply, and, on April 28, 2004, this Court entered an order suspending her from the practice of law until further order of the Court. The respondent filed her belated answer to the disciplinary complaint on May 20, 2004, and also filed a petition requesting that we lift our previous order of suspension. On May 28, 2004, after hearing the representations of respondent, her attorney, and counsel, we reinstated respondent under the conditions that her law practice be monitored by a member of the bar; that she continue medical treatment; and that periodic reports be submitted to the counsel by respondent's monitoring attorney and health care provider. That order remains in effect.

■ Relying upon these facts, the board determined that respondent had violated Article V, Rules 1.3, 1.4(b) and 8.1(b) of the Supreme Court Rules of Professional Conduct. Rule 1.3 requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." By failing to determine that the first application had not been received by the INS, and failing to file the second application, respondent violated Rule 1.3.

■ Rule 1.4(b) provides "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." The board concluded that respondent had failed to comply with this rule by not keeping the client informed of the status of her case and failing to inform the client, for a period of one year, that the second application had not been filed. We agree.

Rule 8.1(b) requires a lawyer to respond to a lawful demand for information from a disciplinary authority. The respondent's failure to respond to a disciplinary complaint, even after being ordered to do so by this court, constitutes a blatant violation of this rule.

■ The second matter considered by the board is respondent's misconduct in her representation of Diana Enos (Enos). The respondent represented Enos in her divorce case. Under the terms of the final divorce decree, Enos's husband was ordered to assign to her one half the value of his federal retirement benefits, as valued on September 30, 2002. The respondent failed to prepare the necessary qualified domestic relations order to effectuate that assignment.

Enos made numerous unsuccessful attempts to obtain information from respondent concerning the assignment of those federal retirement benefits. She then sought assistance from the Office of United States Senator Jack Reed (Senator Reed) to obtain those benefits, which had been awarded to her by the Family Court. The respondent falsely advised Enos that she was working in cooperation with Senator Reed's office to secure those benefits. In fact, respondent had made no contact with Senator Reed's office.

The board found that respondent violated Rules 1.3 and 1.4(b) in her representation of Enos. Additionally, by falsely advising her that she was in communication and cooperating with Senator Reed's office she violated Rule 8.4(c), which provides "[i]t is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation." We concur with these findings by the board.

■ In determining an appropriate disciplinary sanction this Court weighs both mitigating and aggravating factors. *In the Matter of Fishbein*, 701 A.2d 1018, 1020 (R.I.1997). The following factors were considered in mitigation by the board: respondent has been a member of the bar since 1977; she has been the recipient of a prestigious community service award from the Rhode Island Bar Association; and she has also had an accomplished career as a member of the bar, including service in a senior position with the Department of the Attorney General.

The respondent appeared before the board and expressed genuine regret for her misconduct. She has been under medical treatment for depression and attention deficit disorder. The respondent has been working well under the previous order of monitoring issued by the Court. She has significantly reduced her caseload, and her monitoring attorney reports that she is properly handling her present cases. She is also in compliance with our directive of continued medical treatment.

The board considered respondent's prior disciplinary history, submitted to the board via a stipulation of facts, as aggravating circumstances. That previous discipline consisted of a private censure imposed by this Court in 1995 and a private letter of admonition issued by the board in 2002. Notably, in each of those matters, respondent had neglected a client's case. The board found no other aggravating factors.

It is the recommendation of the board that we publicly censure respondent and that our previous order of monitoring remain in effect until further order of the Court. "The purposes of professional discipline are to protect the public and maintain the integrity of the profession." *In the Matter of Cozzolino*, 767 A.2d 71, 74 (R.I.2001). We believe those dual purposes of discipline are satisfied by the board's recommendation.

Accordingly, the respondent, Eileen G. Cooney hereby is publicly censured by this Court. Additionally, the respondent's law practice shall continue to be monitored by Joseph F. Dugan, Esquire, a member of the bar of this state, who shall submit monthly written reports to the counsel regarding the respondent's compliance with this order of monitoring and her attendance to client matters. The respondent shall continue with her medical treatment, and her health care provider shall submit a monthly written report to the counsel about her treatment and progress. The respondent shall execute any and all releases necessary to authorize her health care provider to communicate with the counsel. The medical records of the respondent submitted to the board shall remain under seal.