**In the Matter of Robert R. BROUSSEAU.**

95–528–M.P.

Supreme Court of Rhode Island.

July 11, 1997.

David D. Curtin, Chief Disciplinary Counsel, for Plaintiff.

Stephen R. Famiglietti, Susan Carlin, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM

This matter came before the court pursuant to a report and recommendation of the Disciplinary Board of the Supreme Court (the board) that the respondent, Robert R. Brousseau, be disciplined for conduct in violation of the Rules of Professional Conduct. The respondent was directed to appear before the court to show cause, if any, why he should not be disciplined. Having heard the representations of the respondent, the court is of the opinion that discipline should be imposed as recommended by the board.

The facts as found by the board are as follows. The respondent was engaged by Carlene R. Refino (Refino) to represent her in a dispute with a co-owner of property over their respective interests in residential real estate. When negotiations failed to resolve the dispute, Refino authorized respondent to file an action in the Superior Court to partition the real estate and sever the parties' interests therein. The respondent advised Refino that he had filed such a claim and that the matter was pending in court. In fact respondent had not filed such an action and had intentionally misrepresented to his client the status of her claim.

In his explanation for the above-noted actions, respondent testified in mitigation that he had represented Refino as a friend, that the parties had little equity in the property, and that in his opinion a partition suit would result in unnecessary expense to his client without providing any meaningful relief. However, when his professional advice was rejected, rather than recommending that she seek the advice of other counsel, he failed to implement her wishes.

Relying on these facts, the board found that respondent had violated Rules 1.3,[1] 1.4,[2] and 8.4(c),[3] of Article V of the Supreme Court Rules of Professional Conduct. We agree. When an attorney undertakes the representation of a client, he or she assumes the duty to pursue the client's claim diligently. Concomitant with that duty is the obligation to keep the client adequately informed about the status of that claim and to present to the client all the information necessary for the client to make informed decisions concerning the direction that the representation should take. An attorney who intentionally lies to the client about the status of the client's claim violates his fiduciary duty of honesty to the client and frustrates the very purpose for which he has been retained. The respondent should have communicated his candid opinion on the viability of the claim to the client rather than misrepresent his actions to assuage her concerns. Such conduct clearly warrants the imposition of professional discipline.

In a separate and far more serious matter, respondent served as administrator of the estate of James E. Clarke, a probate

1. Rule 1.3 of Article V of the Supreme Court Rules of Professional Conduct provides:
   "**Diligence.**—A lawyer shall act with reasonable diligence and promptness in representing a client."

2. Rule 1.4 provides:
   "**Communication.**—(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

   (b) A lawyer shall explain to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

3. Rule 8.4 provides:
   "**Misconduct.**—It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

estate pending in the city of Central Falls. In his capacity as administrator, respondent maintained an estate account containing estate assets, which as of March 31, 1994, contained $71,357.94. The respondent had sole custody of and control over this account. Between April 12, 1994, and May 1, 1995, he withdrew $70,350 of probate assets for his own personal use. Among the purposes for which estate money was applied were payment of a mortgage on respondent's real estate, payment of respondent's own income and real estate taxes, and the purchase of investment securities standing in respondent's name. None of the withdrawals served a legitimate estate purpose.

Prior to the commencement of a disciplinary hearing before the board, this court had suspended respondent on an interim basis upon the basis of a petition of the disciplinary counsel. The respondent had replenished the estate account in the amount of the withdrawn funds plus interest while that petition was pending. He was subsequently replaced as administrator of the estate.

At the disciplinary hearing held before the board, much testimony related to whether it was respondent's intent to deprive the estate of the funds permanently or whether he always intended to repay the funds "borrowed" from the estate. While noting a number of discrepancies and inconsistencies in respondent's own testimony on this issue, the board declined to make a finding of criminal intent necessary to conclude respondent had violated Rule 8.4(b)[4] of the Rules of Professional Conduct. However, a finding of criminal misconduct is not a necessary prerequisite to the imposition of the most serious of disciplinary sanctions.

There was ample evidence for the board to conclude that respondent had violated his fiduciary duties to the estate in contravention of Rules 1.8(a) and 1.15(a).

Rule 1.8(a) provides:

"A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto."

Assuming arguendo that respondent had borrowed from the estate, he failed to comply with the mandates of Rule 1.8(a). The record reveals that respondent had not sought the approval of the Probate Court for the loan, nor had he disclosed the loan to the attorney for the estate. The loan was unsecured, and the only evidence of the loan was a promissory note that remained at all times in respondent's possession and was not part of his estate file.[5] The estate was not consulted about, or even aware of, the loan.

At the conclusion of the disciplinary hearing respondent admitted that his conduct violated Rule 1.15(a), which provides in pertinent part:

"A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

As the comment to Rule 1.15 notes, a lawyer "should hold property of others with the care required of a professional fiduciary." Here, the respondent not only failed to keep the estate funds separate but also converted those funds for his own use. Moreover, such conduct is in violation of Rule 8.4(c) as well. *In re Krause,* 676 A.2d 1340, 1342 (R.I.1996); *In re Sheehan,* 661 A.2d 526, 529 (R.I.1995).

---

4. Rule 8.4 provides:
   "**Misconduct.**—It is professional misconduct for a lawyer to: * * * (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

5. The validity of this promissory note was questioned by the board, but that issue was not resolved at the disciplinary hearing.

It was the recommendation of the board that the respondent's misconduct relating to the estate of James E. Clarke warranted disbarment from the practice of law, with the effective date of that disbarment to be the date he was suspended by this court on an interim basis. It was the further recommendation of the board that this court consider the respondent's misconduct in the Refino matter at such time, if any, that the respondent seeks readmission to the practice of law. We concur. Accordingly, the respondent is hereby disbarred from the practice of law, effective September 21, 1995. The respondent shall not be eligible to apply for reinstatement pursuant to Article III, Rule 16 of the Supreme Court Rules until the expiration of five years from that date. Should the respondent seek reinstatement to the practice of law, this court will address the board's recommendation in the Refino matter.

GOLDBERG, J., did not participate.