In The Matter of J. Ronald FISHBEIN.

No. 97–519–M.P.

Supreme Court of Rhode Island.

Nov. 13, 1997.

---

David Curtin, Chief Disciplinary Counsel, for Petitioner.

Edward J. Mulligan, Lincoln, for Respondent.

Before WEISBERGER, C.J., and BOURCIER and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This disciplinary matter comes before us pursuant to Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure. The Disciplinary Board of the Supreme Court of Rhode Island (board) conducted a hearing on a consolidated petition for disciplinary action, alleging that the respondent, J. Ronald Fishbein, had violated the Supreme Court Rules of Professional Conduct in his representation of three clients. It is the recommendation of the

board that the respondent be publicly censured upon findings of professional misconduct in two of the matters and that the third complaint be dismissed. After review of the record, we accept the findings and recommendations of the board.

The facts giving rise to these disciplinary proceedings are as follows. In July of 1992 Richard Miller (Miller) retained respondent to represent him in certain claims against his employer, the University of Rhode Island. The respondent received a retainer fee in the amount of $2,500 from Miller, and it was agreed that respondent would seek payment for any additional fees and, if possible, a portion of the retainer from Miller's prepaid legal-insurance plan. The respondent was not a participating attorney in the plan at the time the fee agreement was negotiated.

The record discloses that by means of correspondence and negotiation with the university, respondent was able to obtain partial relief for Miller. However, this partial relief was not satisfactory to the client, and commencing in February of 1994, Miller began pressing respondent to pursue judicial remedies to redress his grievances.

Despite several requests that he do so, respondent did not initiate litigation on Miller's behalf. Miller requested his uncle, who is also an attorney, to intercede with respondent and press him to file the necessary civil complaint. He also urged respondent to file a claim with Miller's prepaid legal-insurance plan, seeking partial payment of the legal fees. These requests for action were not addressed by respondent. In October of 1994 Miller and his uncle, frustrated with the lack of activity, met with respondent to urge action—to no avail. In December of 1994 respondent notified Miller that he would not pursue the matter further and was withdrawing from representation.[1]

In April of 1995 Miller filed a complaint against respondent with the board, alleging that respondent had not diligently pursued the matter for which he had been retained

and had not sought reimbursement of any fees from the insurance carrier. In December of 1995, in excess of three years from the commencement of the representation and only after prodding from the Supreme Court's Disciplinary Counsel, respondent finally submitted the appropriate claim forms to the insurance carrier.

Relying upon these facts, the board determined that respondent had violated Article V, Rules 1.3 and 1.4(a) of the Supreme Court Rules of Professional Conduct.[2] Rule 1.3 requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." By failing both to seek reimbursement from the insurance company for an unwarranted length of time and to take action on his client's case despite repeated requests that he do so, respondent violated Rule 1.3.

Rule 1.4(a) provides, "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." The board concluded that respondent had failed to comply with his obligation to provide his client with timely information about his case. We agree.

The second matter upon which the board determined respondent had engaged in misconduct related to his representation of Susan R. Colvin (Colvin). Colvin retained respondent in July of 1993 to represent her in a civil action relating to a so-called self-help eviction and in a possible civil rights action against the Coventry Police Department. The respondent undertook the appropriate action to protect Colvin's rights in the self-help action but did not pursue any civil rights claim against the police department, despite several requests from his client that he do so. The record reveals that respondent subsequently ceased communicating with Colvin about the status of her case and did not undertake any substantive action on her behalf after December of 1994. The board

---

1. The applicable statute of limitations had not expired at the time respondent withdrew from representation.

2. The board dismissed allegations that respondent had violated Article V, Rules 1.2(a) and 1.17(d) of the Supreme Court Rules of Professional Conduct.

determined that his failure to communicate with his client was a violation of Rule 1.4.[3]

This court must fashion the appropriate sanction to impose upon respondent for his violation of the Rules of Professional Conduct. Both mitigating and aggravating factors must be weighed to determine the proper level of discipline. In mitigation we note that at all times pertinent to his representation of Miller and Colvin, respondent's father was suffering from a lingering terminal illness that distracted him from his duties to his clients. The respondent had concluded that Miller and Colvin had little likelihood of succeeding on the merits of their claims. However, he failed to advise them of this conclusion.[4]

The respondent's prior disciplinary history is an aggravating factor in these proceedings. We note that the respondent has previously received a private censure by order of this court, has been reprimanded by the board, and has received several letters of admonition from the board for neglecting client matters.

After balancing the severity of the violations and the mitigating and aggravating factors, we conclude that the board's recommendation of a public censure is appropriate. Accordingly the respondent, J. Ronald Fishbein, is hereby publicly censured.

LEDERBERG and FLANDERS, JJ., did not participate.

---

3. Allegations that respondent had violated Rules 1.2(a) and 1.3 in his representation of Colvin were dismissed by the board.

4. The merits of the clients' claims were not at issue before the board, and this court need not address the validity of those claims.