**In the Matter of Jeremiah E. HOLLAND.**

**No. 98–253 M.P.**

Supreme Court of Rhode Island.

June 8, 1998.

David Curtin, Chief Disciplinary Counsel, for Petitioner.

Joseph A. Kelly, Providence, for Respondent.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter is before the Court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Jeremiah E. Holland, be publicly censured for engaging in professional misconduct. Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure provides in part: "If the [Disciplinary] Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

The facts leading to these disciplinary proceedings arise from respondent's representation of members of the Blease family. The respondent was initially retained by Arthur Blease (Arthur), who was the holder of a mortgage on real estate located in Warwick, Rhode Island. The mortgagor had fallen in arrears on his mortgage payments to Arthur, who hired respondent to represent him in exercising his rights pursuant to a mortgage note and deed.

On November 15, 1993, shortly after he had retained respondent, Arthur died. His assets, including his rights under the mortgage deed and the promissory note that it secured, passed to George F. Blease (George), Arthur's brother. George retained respondent to probate Arthur's estate and to continue with proceedings to foreclose on the mortgage. On May 28, 1994, George died, survived by his wife, Barbara G. Blease (Barbara).

On or about June 24, 1994, Barbara retained respondent to continue with the foreclosure proceedings and also to probate the estate of her husband, George. She paid a retainer to respondent in the amount of $1,500 on August 5, 1994, toward the legal fee for this representation. The respondent began foreclosure proceedings, but the mortgagor subsequently sought protection from foreclosure by filing for bankruptcy in the United States Bankruptcy Court. As a result of that filing all foreclosure activities were temporarily stayed.

In February of 1995 the bankruptcy proceeding was dismissed by order of the Bankruptcy Court. Barbara directed respondent immediately to commence foreclosure proceedings, upon being advised of that dismissal. On April 21, 1995, respondent advised his client that a foreclosure auction was scheduled to be held at the subject property the following day. The client and her real estate agent appeared that day for what they had been advised was a foreclosure auction, only to find no auctioneer. No auction occurred. They subsequently learned that in fact no foreclosure auction had been scheduled for that day.

Even though no auction had occurred, respondent advised his client that she could proceed to list the subject property for sale and authorize her real estate agent to advertise the property and conduct open-house showings of the property to prospective buyers. Unaware that she had no legal right to do so, and without the permission of the legal owner of the property, she proceeded to take steps to sell the property. The respondent provided Barbara with a form foreclosure deed (which had not been duly recorded in the records of land evidence) purportedly evidencing her ownership of that real estate. He did not properly conclude foreclosure proceedings until December of 1995, eight months after he had advised his client that he had done so and after she had entered into a listing agreement retaining a real estate agent to locate a buyer for the property.

On September 25, 1996, Barbara signed a purchase-and-sale agreement with prospective purchasers of the property, with a tentative closing date scheduled in November of 1996. A title search conducted by the buyers' attorney revealed that Barbara was un-

able to convey clear title to the real estate because respondent had failed to initiate, much less conclude, the probate of the estate of George Blease, a task for which he had been retained and paid in 1994. In order not to lose the prospective sale, Barbara agreed to allow the prospective purchasers to reside in the subject property rent free, until she was able to convey clear title.

In December of 1996, thirty months after he had been retained to do so, respondent commenced legal action to probate the estate of George Blease. Barbara was able to convey clear title to the purchasers on January 15, 1997. On January 28, 1997, she filed a complaint with this Court's Disciplinary Board.

■ On the basis of these facts the board determined that respondent had violated four separate rules of Professional Conduct. Article V, Rule 1.1 of the Supreme Court Rules of Professional Conduct, entitled "Competence," requires in pertinent part that "[a] lawyer shall provide competent representation to a client." The board concluded that respondent lacked the legal knowledge necessary to represent his client in foreclosure proceedings. By advising his client to proceed to list the property for sale in the absence of a proper foreclosure, he demonstrated his incompetence in this area of the law.

■ Additionally the board concluded that respondent had failed to exercise due diligence on his client's behalf, in violation of Rule 1.3. That rule requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." By failing to commence probate proceedings for two and one-half years after having been retained to do so, with the result of financial harm to the client, respondent violated that rule. This lack of diligence was compounded by his failure to keep his client reasonably informed about the status of the representation, in violation of Rule 1.4.

■ The most troubling allegation against respondent relates to his false statements to his client and her real estate agent about the status of the foreclosure proceedings. Pursuant to Rule 4.1(a) entitled "Truthfulness in statements to others," it is professional misconduct for a lawyer to knowingly "make a false statement of material fact or law to a third person." The existence or nonexistence of legally valid foreclosure proceedings was a material fact relevant to Barbara's ability to convey clear title to any prospective buyer of the subject property. By presenting a purportedly valid foreclosure deed at a time when foreclosure proceedings had not been concluded, respondent made a false statement of material fact to his client and her agent in violation of this rule.[1]

Attorneys admitted to the practice of law in this jurisdiction are obligated to comply with the Rules of Professional Conduct. Paramount among these rules are the obligations of honesty, loyalty, and fidelity to clients. A lawyer who is dishonest in his or her dealings with a client or others violates one of the fundamental tenets of our profession. Such misconduct requires disciplinary sanction.

■ In determining the appropriate sanction to impose, we feel that it is important to note that the purpose of professional discipline is the protection of the public and the maintenance of the integrity of the profession and not the punishment of the attorney. We shall consider the conduct of the attorney and any mitigating or aggravating circumstances in fashioning that sanction. We note that among the mitigating factors present here are that the respondent has had no prior disciplinary action in his nine years of practice, that he fully cooperated with disciplinary counsel during the course of these proceedings, and that he truly appreciates the wrongfulness of his misconduct and has demonstrated true remorse for his actions. There are no aggravating factors extant in these proceedings.

After weighing the facts of this case and the mitigating factors, we concur with the recommendation of the board. Accordingly

---

**1.** The board dismissed a claim that respondent had also violated Article V, Rule 8.4(c) of the Supreme Court Rules of Professional Conduct, which provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

the respondent, Jeremiah E. Holland, is hereby publicly censured.