**In the Matter of Jeremiah E. HOLLAND.**

**No. 2000–101–M.P.**

Supreme Court of Rhode Island.

April 4, 2000.

David Curtain–Chief Disciplinary Counsel, for petitioner.

Jeremiah E. Holland, Tiverton, for respondent.

Present·WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This disciplinary matter comes before us pursuant to Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure. The Disciplinary Board of the Supreme Court (the board) has forwarded its recommendation that the respondent, Jeremiah E. Holland (respondent), be suspended from the practice of law. The respondent appeared before the Court pursuant to an order directing him to show cause why the disciplinary sanction recommended by the board should not be imposed. After consideration of the findings and recommendations of the board and the arguments presented by the respondent, it is the opinion of this Court that cause has not been shown and that professional discipline is warranted.

The facts leading to these proceedings arise from respondent's conduct as settlement agent for Fall River Municipal Employees Credit Union (the credit union) on four residential real estate closings. In each instance, respondent failed adequately to prepare the closing documents and failed to procure the requisite title insurance policies, despite having received payment for those policies from the borrowers' proceeds at the time of each closing. We note that respondent's failure to conclude his duties in these matters continued for an extended period. The real estate closings at issue in the present case occurred on October 25, 1994, April 9, 1996, December 12, 1996, and September 5, 1997. The credit union made several attempts to obtain the proper documents and title insurance policies from respondent, but he failed to cooperate with those requests.

On September 21, 1998, the credit union filed a complaint against respondent with this Court's disciplinary counsel (counsel). The respondent failed to cooperate with counsel, and did not file an answer to the complaint, despite receiving several notices to do so. On November 19, 1998, counsel filed a petition with this Court requesting that respondent be ordered to answer the complaint under threat of summary suspension. The respondent did not object to that petition or file an answer, and on December 3, 1998, this Court entered an order reprimanding respondent for failing to respond to counsel and directing him to file a response within ten days or he would be suspended without further notice. This order was served upon respondent on December 7, 1998.

Receipt of this order did not motivate respondent to comply with his ethical obligations to tend to his client's legal matter or to respond to a request for information from counsel. On December 22, 1998, counsel filed an affidavit with this Court setting forth that respondent had not submitted his answer. On January 7, 1999, this Court entered an order suspending respondent from the practice of law, and he was duly served with this order on January 11, 1999.

Receipt of the order of suspension motivated respondent to take action. On January 15, 1999, he met with the manager of the credit union, ascertained the documents that needed to be obtained, and promised to procure those documents and the title insurance policies within two

weeks. He also filed his long-overdue answer to the disciplinary complaint. Upon being notified that respondent had submitted his answer, we reinstated him to the practice of law. *In re Matter of Holland,* 726 A.2d 474 (R.I.1999).

Unfortunately, this burst of energy proved to be short-lived. The respondent failed to follow through on his promises to his client and to respond to subsequent inquiries from counsel. Formal charges were initiated against respondent, to which he did not file a responsive pleading. A hearing before the board was convened on October 29, 1999. The respondent appeared before the board, admitted all the factual allegations contained in the formal charges, and indicated that he would provide the credit union with all the information needed within two weeks.

It was the conclusion of the board that respondent had violated Article V, Rules 1.3 [1], 1.4(a) [2], and 8.1(b) [3], of the Supreme Court Rules of Professional Conduct. It was the recommendation of the board that respondent be suspended from the practice of law for sixty days, and that his reinstatement be conditioned upon his either issuing the four missing title insurance policies or reimbursing the cost of those policies, and that he also provide the credit union with the requested documentation pertaining to the four real estate closings.

We concur with the board in its findings that respondent had violated the above-noted rules. He has engaged in a persistent pattern of neglect of his client's matters and exhibited a chronic failure to cooperate with his client or respond to disciplinary counsel. When he appeared before this Court on March 2, 2000, he represented that he had finally resolved these matters, a fact which has been confirmed by counsel. However, this last-minute resolution does not absolve him from disciplinary culpability.

In fashioning an appropriate disciplinary sanction we note that this is not the respondent's first contact with the disciplinary process. He previously has been publicly censured for lack of competence, neglect, failure to communicate with his client, and making false statements to a client. *In re Matter of Holland,* 713 A.2d 227 (R.I.1998). Accordingly, we adopt the board's recommendation that the respondent, Jeremiah E. Holland, be suspended from the practice of law for a period of sixty days, said period of suspension to commence thirty days from the date of this opinion. In order to protect the interests of his current clients, the respondent shall, on the date this suspension order becomes effective, file with the clerk of this Court either a list of all active clients or a statement by an attorney or attorneys who will assume responsibility to protect those clients' interests.

---

1. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

2. Rule 1.4 was amended by order of this Court effective May 1, 1998. Rule 1.4(a), as applicable to these proceedings, provided: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." As a result of the amendment, that rule is now set forth as Rule 1.4(b).

3. Rule 8.1(b) provides that it is misconduct for a lawyer in connection with a disciplinary proceeding to: "knowingly fail to respond to a lawful demand for information from [a] * * * disciplinary * * * authority * * *."