In the Matter of Jeremiah E. HOLLAND.

No. 2003–350 M.P.

Supreme Court of Rhode Island.

June 25, 2003.

David Curtin, Providence.

James O'Neill, Providence.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and FLAHERTY, JJ.

ORDER

This matter came before the Court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Jeremiah E. Holland (respondent), be suspended from the practice of law for a period of twenty-four months. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

"If the [b]oard determines that a proceeding * * * should be concluded by

public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

Pursuant to our order, respondent appeared before the Court on June 12, 2003, to show cause, if any, why the board's recommended sanction should not be imposed. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that respondent should be disciplined in accordance with the board's recommendation. The material facts supporting our decision are as follows.

The facts in this disciplinary proceeding are not contested. In April 1996, respondent was retained by Armand Bouchard (Armand), a co-guardian of the estate of Jeanne Bouchard (Jeanne), who was incapacitated due to Alzheimer's disease. The major issue of the representation related to the validity of a quitclaim deed executed by Jeanne in favor of Donald Bouchard (Donald), also a co-guardian of Jeanne's estate.

In May 1997, respondent filed suit in Superior Court seeking a declaration nullifying the quitclaim deed. Service was duly made upon Donald and he filed an answer to the complaint. The respondent did not undertake any substantive action in the case after the answer was filed and the case remained idle.

Armand unsuccessfully sought information from respondent regarding the status of the litigation. The respondent provided Armand with false information regarding the progress of the case, including advising him of non-existent court dates, falsely stating that there were difficulties serving Donald and falsely informing Armand that Donald was unable to obtain counsel.

In May 2001, while the file lay dormant in the courthouse, respondent informed Armand that the court had entered an order declaring the deed void. In July 2001, he provided Armand with an unsigned "order" that purported to grant summary judgment in Armand's favor. In fact, no motion for summary judgment had been filed, much less acted upon by the court. Nevertheless, in September 2001, respondent provided Armand with a "signed" copy of the non-existent order, purportedly showing that Charles Hollis (Hollis), a court clerk, had entered the order. The respondent had in fact signed Hollis's name to the document.

Jeanne died in October 2001. Shortly after Jeanne's death, Armand and Dolores Paquin (Paquin), another co-guardian of Jeanne's estate, learned that the purported order that respondent presented to Armand was fraudulent. In November 2001, Armand and Paquin filed a complaint with the board.

The board forwarded a copy of the complaint to respondent, directing him to submit a written response within twenty days. When respondent did not file his answer or seek an extension of time to file, the board sent him a second notice via certified mail, return receipt requested. This second notice advised respondent that his failure to answer within ten days would result in a referral to this Court seeking an order compelling his response.

The respondent did not reply to the second notice. On January 3, 2002, this Court's Disciplinary Counsel filed a petition with the Court seeking an order compelling a response. We granted the petition and respondent was duly served with our order reprimanding him for failure to respond to the disciplinary complaint and directing him to do so within ten days. The respondent did not comply with our

order. On February 8, 2002 we entered an order suspending respondent from the practice of law until further order of this Court.

On May 9, 2002, respondent finally filed his answer to the disciplinary complaint, in which he admitted to the facts as recited above. He did not seek reinstatement of his privilege to practice law, however, and is still suspended pursuant to our earlier order.

The board held a formal hearing on February 20, 2003, alleging that respondent's conduct was in violation of Article V, Rules 1.3,[1] 1.4(b),[2] 3.2,[3] and 8.4(c)[4] of the Supreme Court Rules of Professional Conduct. The respondent admitted the factual allegations set forth in the disciplinary petition, and acknowledged that his conduct was in violation of the rules as charged. He only presented mitigation evidence to the board.

The respondent testified that he is being treated by a physician for depression, attention deficit disorder and panic attacks. The recent illness and death of his father, who was also a member of the bar, contributed to his medical and psychological difficulties. He has reached a restitution agreement with the complainants, who are represented by independent counsel. He has obtained employment outside of the legal profession and has not actively sought reinstatement of his license to practice law.

In determining an appropriate disciplinary sanction, the board and this Court will consider the mitigating and aggravating factors present. *See In re Fishbein,* 701 A.2d 1018, 1020 (R.I.1997). Unfortunately, respondent is not a stranger to our disciplinary process. In 1998, we publicly censured respondent for providing incompetent representation, neglecting a probate case and failing to adequately communicate with his client. *In re Holland,* 713 A.2d 227 (R.I.1998). Two years later, we suspended respondent for sixty days for engaging in a pattern of persistent neglect and failing to respond to requests for information from disciplinary counsel. *In re Holland,* 747 A.2d 1005 (R.I.2000).

The board has recommended that we suspend respondent for twenty-four months, effective from February 8, 2002, the date upon which we suspended him for failure to file an answer to the complaint that led to these proceedings. We have carefully reviewed the board's recommendation in light of our well established principle that the purposes of discipline are to protect the public and maintain the integrity of the profession, and not to punish the attorney. *In re O'Donnell,* 736 A.2d 75, 81 (R.I.1999). We conclude that the recommendation of the board will serve those purposes in this case.

Accordingly, we adopt the board's recommendation, and hereby suspend the respondent, Jeremiah E. Holland, from the practice of law for twenty-four months,

---

1. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct, entitled "Diligence," provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

2. Rule 1.4(b), entitled "Communication," provides: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

3. Rule 3.2, entitled "Expediting litigation," provides: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

4. Rule 8.4(c), entitled "Misconduct," provides in pertinent part: "It is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation * * *."

effective February 8, 2002. The respondent is ordered to comply with the requirements of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure.