**In the Matter of Stafford SHEEHAN.**

**No. 2008–244 M.P.**

Supreme Court of Rhode Island.

Sept. 25, 2008.

David Curtin.

### O R D E R

This attorney disciplinary case is before the Court pursuant to a petition for the imposition of reciprocal discipline filed by the Supreme Court Disciplinary Counsel ("counsel") in accordance with the provisions of Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure. Stafford Sheehan, the respondent, was a member of the Bar in the Commonwealth of Massachusetts and in the State of Rhode Island. The respondent had resigned from the practice of law in this state on or about June 9, 2005. However, he remains subject to the Disciplinary Jurisdiction of this Court.[1]

On April 16, 2008 the Supreme Judicial Court of the Commonwealth of Massachusetts entered an order disbarring respondent from the practice of law in that jurisdiction. On May 7, 2008, counsel filed a certified copy of that order with this Court with his petition for the imposition of reciprocal discipline. On May 22, 2008 we issued an order directing the respondent to inform this Court within thirty days of any claim he may have that the imposition of identical discipline would be unwarranted, and the reasons in support of such a claim. Our order further informed the respondent that failure to show cause why identical discipline should not be imposed would result in the entry of an order, with no further notice, disbarring him from the practice of law. The respondent did not file any pleading in response to our order, Accordingly, we proceed to impose discipline.

Rule 14(d) provides that, when a sister jurisdiction imposes discipline upon a member of the Bar of this State, this Court shall impose identical discipline unless counsel or the respondent demonstrates, or this Court finds on the face of the record that it "clearly appears":

"(1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not consistently with its duty accept as final the conclusion on that subject; or

"(3) that the imposition of the same discipline would result in grave injustice; or

"(4) that the misconduct established has been held to warrant substantially different discipline in this State."

The respondent has not made any claim that he was denied due process or that there was an infirmity of proof in the Massachusetts disciplinary proceeding. Our independent review of the record satisfies us that respondent was given notice of the charges against him, was provided the opportunity to defend and did present a defense to those charges, and that the Massachusetts Board of Bar Overseers met its burden of proving those allegations.

---

1. Article III, Rule 23 of the Supreme Court Rules of Disciplinary Procedure, entitled "Resignation," provides, in pertinent part:

"Anyone whose resignation is accepted shall remain subject to the Supreme Court's disciplinary jurisdiction in proceedings for any

The facts as found by the Massachusetts Board, and affirmed by the Supreme Judicial Court, are as follows. The respondent commingled personal and client funds in his client account from December of 2002 to June 13, 2005. Additionally, he misappropriated $54,000 of the funds of a decedent's estate for his own personal use. He repaid that money by misappropriating funds belonging to a disabled client, and owed approximately $11,000 to that client as of the date of his disbarment. Moreover, he provided false testimony and proffered fabricated documents during the disciplinary proceedings.

This Court finds no reason why identical discipline should not be imposed. Misappropriation of client funds warrants disbarment from the practice of law in this State. *Matter of Brousseau*, 697 A.2d 1079 (R.I.1997). The respondent has not demonstrated that any of the exceptions set forth in Rule 14(d) are present in this case, nor do we find any in the record. Accordingly, the respondent, Stafford Sheehan, is hereby disbarred from the practice of law in this state, effective immediately.

misconduct committed while a member of the Bar."