973 A.2d 620 (2009)
In the Matter of David I. McKENNA.
No. 2009-151-M.P.
Supreme Court of Rhode Island.
June 18, 2009.
David Curtin, Disciplinary Counsel.
William J. Delaney, Esq., East Providence.

ORDER
The above-noted attorney was suspended from the practice of law on October 13, 2006. On September 18, 2008, he filed a petition for reinstatement in accordance with Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure. However, at the time of the filing of his petition he had not complied with all of the necessary procedural requirements for our consideration of the petition. He has now fulfilled those requirements.
Disciplinary counsel has conducted an investigation to determine whether there is any evidence that the petitioner does not presently possess the requisite moral fitness to resume the practice of law in this state. It is the recommendation of disciplinary counsel that the petition be granted, subject to the imposition of certain conditions.
The petitioner appeared before this Court, with counsel, at its conference on June 17, 2009. After review of the report and recommendation of disciplinary counsel, the representations of the petitioner, and after review of a recommendation of the Disciplinary Board that we consider its decision in two pending disciplinary matters at the same time we consider his petition for reinstatement, we deem that the petition should be granted.
Accordingly, the petitioner, David I. McKenna, is hereby reinstated to the practice of law in this state, subject to the following conditions:
1. The petitioner's practice of law shall be monitored by Edward J. Romano, Esquire. Attorney Romano shall submit monthly written reports to disciplinary counsel regarding his review of the petitioner's practice and his client and business accounts. The petitioner shall fully cooperate with Attorney Romano and disciplinary counsel regarding the monitoring of his practice.
2. The petitioner shall continue to attend substance abuse counseling and shall provide monthly written reports to disciplinary counsel regarding his attendance at and participation in substance abuse counseling programs.
3. The conditions set forth in paragraphs 1 and 2 above shall remain in effect for three years from the date of this order.
4. The petitioner shall provide 150 hours of community service or pro bono legal services within three years from the date of this order, and shall provide written confirmation of this service to disciplinary counsel.