**In the Matter of J. Ronald FISHBEIN:
(Zuba) (Reccko).**

**No. 2009–315–M.P.**

Supreme Court of Rhode Island.

Oct. 28, 2009.

David Curtin, Disciplinary Counsel.

John M. Roney, Esq., Providence.

**ORDER**

This disciplinary matter comes before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On May 13, 2009, this court's disciplinary board (board) forwarded to the court its decision and recommendation that the respondent, J. Ronald Fishbein, be publicly censured for professional misconduct in his representation of a client. On September 8, 2009, the board forwarded to this court its additional decision and recommendation on a separate and unrelated disciplinary matter recommending that we remand that complaint to the board for the imposition of a letter of reprimand in accordance with the provisions of Rule 2.3 of the Rules of Procedure of the Disciplinary Board of the Supreme Court. The respondent appeared before this court at its conference on October 21, 2009, with counsel, to show cause why he should not be disciplined in both matters. Having heard the representations of the respondent, his attorneys and this court's disciplinary counsel, and having reviewed

the recommendations of the board, we deem that the respondent should receive a public censure for his conduct in both matters.

The relevant facts giving rise to these disciplinary proceedings are as follows. In September of 1990, Walter and Mary Ellen Zuba purchased a parcel of real estate from a credit union, and obtained financing from the credit union to fund the purchase. Less than one year later, after encountering financial difficulties, the Zubas conveyed the real estate back to the credit union in consideration of forgiveness of the outstanding mortgage. The Zubas believed that agents and employees of the credit union had made deliberate misrepresentations to them in 1990 regarding the value of the real estate, that those misrepresentations induced them to purchase the property, and that those misrepresentations caused them financial harm.

In July of 1997, Mary Ellen Zuba retained respondent to pursue a claim against the credit union. In October of 1998 respondent filed a civil action on behalf of Ms. Zuba in Providence County Superior Court, and diligently pursued the case until 2002. However, at that point, and by respondent's own admission, the case "fell through the cracks." The respondent ceased any substantive actions to pursue the claim, and he did not file a motion to assign the case to the trial calendar, leaving the case to lie fallow in the files of the Superior Court. He also ceased maintaining adequate communication with Ms. Zuba regarding the status of the case.

In March of 2005, Ms. Zuba filed a complaint against respondent with the board. Shortly after that complaint was filed respondent became aware that the Superior Court had dismissed the case in 2004 for lack of prosecution pursuant to an order of the presiding judge in accordance with G.L. 1956 § 9–8–5.

The filing of the disciplinary complaint prompted respondent to resume his active representation of Zubas' claim. He obtained an order vacating the dismissal, and the case was assigned to the trial calendar. The defendant then filed a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, and that motion was granted. The respondent filed an appeal to this court, which affirmed the trial court's granting of summary judgment. *Zuba v. Pawtucket Credit Union*, 941 A.2d 167, 173 (R.I.2008).

The board held hearings on Zubas' disciplinary complaint on August 13, 2008 and December 10, 2008. The board concluded that respondent violated Article V, Rules 1.3 and 1.4 of the Supreme Court Rules of Professional Conduct[1]. We agree. The respondent neglected his client's case for a period of three years, allowing her case to be dismissed by the Superior Court for lack of prosecution. Although the case was reinstated, and eventually heard on the merit s, it is clear that the filing of a disciplinary complaint was required to spur respondent to resume activity on her claim. This is not an acceptable level of diligence on the part of a member of the bar. Concomitant with the duty of diligence it is an attorney's obligation to keep a client adequately informed about the sta-

---

1. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct entitled "Diligence," provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

Article V, Rule 1.4 of the Supreme Court Rules of Professional Conduct entitled "Com-

munication," provides, in pertinent part, "A lawyer shall: * * * (3) keep the client reasonably informed about the status of the matter [and] (4) promptly comply with reasonable requests for information * * *."

tus of his or her case. *In re Brousseau,* 697 A.2d 1079, 1080 (R.I.1997). The respondent's admitted failure to adequately communicate with his client for a period of three years is a clear violation of Rule 1.4 as well.

In fashioning its recommendation the board noted that this is not respondent's first exposure to the disciplinary process. In 1997, this Court publicly censured respondent for misconduct substantially similar to the conduct before us today. *In re Fishbein,* 701 A.2d 1018 (R.I.1997). In 2006 the board issued a letter of reprimand to respondent for violating Rules 1.3 and 1.4 in his representation of another client. This history of misconduct is an aggravating factor we consider in accepting the board's recommendation.

The second matter heard by the board on June 10, 2009, relates to respondent's representation of Shirley Reccko. While that representation extended over a period of time from 1980 to 2008, the board concluded that his misconduct occurred only in the last two years of that representation. The pertinent facts are as follows.

In 1980, Ms. Reccko purchased what she believed to be a new Cadillac from the now defunct Criss Cadillac automobile dealership. Subsequent to the purchase Ms. Reccko learned that the vehicle was in fact not new, and that a prior owner had been involved in an accident with the vehicle. Ms. Reccko retained respondent to represent her in a claim against Criss Cadillac. The respondent diligently pursued her case, including two appearances before this court. In 1992, this court rendered its opinion vacating a directed verdict entered by the trial court in favor of the defendant and reinstating the jury's verdict in favor of Reccko on a punitive damages claim, which we reduced by remittitur to $25,000.

*Reccko v. Criss Cadillac Co.,* 610 A.2d 542 (R.I.1992).

Notably, Criss Cadillac had ceased doing business prior to the issuance of our opinion in 1992. Thereafter, respondent did not take any substantive legal actions to attempt to collect on the judgment until 2001, when he forwarded a deposition notice to the keeper of the records of Herb Chambers Cadillac, the company that had purchased the assets of the now defunct Criss Cadillac. That deposition did not take place. In June of 2006, respondent issued a witness and subpoena duces tecum to the keeper of the records of Herb Chambers. Herb Chambers filed a motion for a protective order, and the Superior Court entered an order quashing the subpoena.

The respondent failed to inform Ms. Reccko that by this point in time his efforts to collect a judgment on her behalf had reached a dead end. In 2008, Ms. Reccko filed a disciplinary complaint regarding his failure to keep her informed as to the status of her claim. It was only after the complaint was filed that respondent informed Ms. Reccko that his efforts on her behalf had been fruitless.

In response to the disciplinary complaint respondent conceded that he had failed to exercise due diligence on behalf of Ms. Reccko and that he had failed to properly communicate with her. The board noted the extensive efforts the respondent employed to pursue Ms. Reccko's claim through 1992, and his subsequent efforts to find some compensation for this client who had obtained a substantial judgment that proved to be hollow. The board rejected disciplinary counsel's recommendation that respondent be publicly censured, and requested that this court remand this matter to the board for the issuance of a

letter of reprimand.[2]

We reject the board's recommendation in this matter. Our review of the respondent's conduct, coupled with a review of his prior history of discipline for the same type of misconduct, leads us to conclude that the public would be best served by the imposition of public discipline in this case. Additionally, the respondent attorney was issued a letter of reprimand by the board in 2006 for separate instances of misconduct in violation of the same rules violated here. Article III, Rule 4(d)(7) of the Supreme Court Rules of Disciplinary Procedure provides that letters of reprimand "shall not be issued where the respondent-attorney has been admonished by the Board for similar conduct in the past * * *." The board's issuance of a letter of reprimand to the respondent in 2006 for conduct in violation of Rules 1.3 and 1.4 precludes the issuance of such a letter to the respondent in this instance.

The respondent has a demonstrated history of neglecting certain client matters and failing to communicate with those clients adequately, and his clients deserve better. Accordingly, the respondent J. Ronald Fishbein is hereby publicly censured for his misconduct in both of these matters.

---

**2.** Article III, Rule 6(b) of the Supreme Court Rules of Disciplinary Procedure requires the board to submit to the court a report on all matters in which the board conducts a formal hearing.