**In the Matter of J. Ronald FISHBEIN: (VISCIONE).**

**No. 2010–413–M.P.**

Supreme Court of Rhode Island.

Dec. 13, 2010.

David D. Curtin, Esq., Disciplinary Counsel.

Lauren E. Jones, Esq., Providence.

**O R D E R**

This attorney disciplinary matter came before the court at its conference on November 18, 2010. On October 25, 2010, this Court's disciplinary board (board) forwarded to the court a decision and recommendation that the respondent, J. Ronald Fishbein (respondent), be suspended from the practice of law for at least six months. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

"If the Board determines that a proceeding should be * * * concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This court shall review the record and enter an appropriate order."

We directed the respondent to show cause, if any, why we should not impose the discipline recommended by the board.

Having heard the representations of the respondent, his counsel, and this Court's disciplinary counsel, and having reviewed the record, we deem that an order suspending the respondent from the practice of law is appropriate.

The facts giving rise to this disciplinary proceeding are as follows. In July 2004, Stephen Viscione (Viscione) retained the respondent to represent him in a potential claim against a former employer. The respondent investigated Viscione's possible causes of action, but by the end of 2005 he concluded that Viscione was not likely to prevail on his claim. Unfortunately, the respondent did not share this conclusion with Viscione, who continued to believe he had a viable claim. The respondent communicated with Viscione on a sporadic basis in 2005 and 2006, but took no further action on his behalf.

In 2008, Viscione began to press the respondent, leaving numerous phone messages and writing letters requesting information on the progress of his case. The respondent and Viscione met in November 2008 to discuss the progress of the claim, and at that meeting the respondent promised to move the case forward.

That promise proved to be hollow. The respondent failed to take any steps to further Viscione's claim. In November 2009, Viscione filed a complaint with the board regarding the respondent. In answering that complaint the respondent acknowledged that he had failed to properly communicate with Viscione and that the period of time in which to file a cause of action had passed. He also refunded the retainer fee that had been paid in 2004.

The board concluded that the conduct of the respondent is in violation of Article V,

Rules 1.3[1] and 1.4[2] of the Supreme Court Rules of Professional Conduct. We agree. By neglecting his client's cause and failing to keep him informed of his progress, or lack thereof, in pursuing that claim the respondent has fallen short of what we expect from a member of the bar. Empty promises are not a substitute for informed communication.

The board has recommended that we suspend the respondent from the practice of law for no less than six months, that he must apply to this court for reinstatement, and that all of his pending files be audited. We believe that the board's recommendation is appropriate. The respondent has been disciplined twice by this court, receiving public censures for neglecting client cases and failing to adequately communicate with those clients. *See In re Fishbein*, 981 A.2d 1022 (R.I. 2009) (mem.); *In re Fishbein*, 701 A.2d 1018 (R.I.1997). As we noted when the respondent was last before us, he "has a demonstrated history of neglecting certain client matters and failing to communicate with those clients adequately and his clients deserve better." *Fishbein*, 981 A.2d at 1025. We find it disturbing that Viscione's case was lying dormant in the respondent's office while that latest disciplinary matter was pending.

Accordingly, the respondent, J. Ronald Fishbein, is suspended from the practice of law. This order shall become effective in sixty days, and during that period the respondent shall conclude those client matters that can be resolved and arrange for the orderly transfer of his remaining client matters to new counsel of the client's choosing. He shall not take on any new cases. Within ten days of the commencement of his suspension the respondent shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure. At that time the respondent shall also provide to disciplinary counsel a detailed summary of each unresolved matter, including the date he was hired by the client, the status of the claim, and a full accounting for any retainer paid by the client.

The respondent may not apply for reinstatement until at least six months from the effective date of this order, and should he do so he must comply with the provisions of Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure.

1. Rule 1.3, entitled "Diligence," provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

2. Rule 1.4, entitled "Communication," provides, in pertinent part:
"(a) A lawyer shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law."
"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."