**In the Matter of David A. SALZILLO.**

**No. 2011–370–M.P.**

Supreme Court of Rhode Island.

Nov. 23, 2011.

David D. Curtin.

Craig A. Johns.

## ORDER

This disciplinary matter comes before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On July 21, 2011 the disciplinary board of the Supreme Court forwarded to us a decision finding that the respondent, David A. Salzillo, had violated the Supreme Court Rules of Professional Conduct, along with a recommendation that we order the respondent to provide *pro bono* legal services as a sanction for that violation. We directed the respondent to appear before this court at its conference on September 15, 2011, to show cause, if any, why we should not accept the recommendation of the board. Having heard the representations of the respondent, his attorney, and this court's disciplinary counsel, we determine that cause has not been shown.

The facts giving rise to this matter pertain to the respondent's representation of a client in a claim for Social Security Disability benefits. The respondent and the client executed a written fee agreement on

October 3, 2007, whereby the respondent would be entitled to a fee equal to twenty-five percent of awarded retroactive benefits or $5,300, whichever amount was less. This agreement was in accordance with regulations of the Social Security Administration regarding attorney fee payments in effect at the time the agreement was entered. While the client's claim was pending, the Social Security Administration increased the allowable maximum attorney fee, but the respondent did not request a higher fee or seek his client's consent to charge more than provided in their written fee agreement.

The respondent successfully prosecuted his client's claim for benefits. On November 22, 2009, the Social Security Administration awarded a fee of $5,300 to respondent, and sent that fee directly to him. The client received written notice that the Social Security Administration had paid the above-noted fee, and was further informed that pursuant to its regulations, the respondent could not charge him any additional fee, but could charge him for allowable expenses. On November 22, 2009, the respondent made a demand on the client that he pay an additional $3,000 to the respondent, asserting entitlement to an additional fee of $700 and $2,300 in expenses. The respondent threatened to initiate legal action against his client for the claimed sum, and the client paid $3,000 to respondent on November 29, 2009.

On December 11, 2009, the client filed a complaint with the Office of Disciplinary Counsel. In his answer to that complaint respondent claimed he was entitled to the extra fee of $700, and provided a handwritten document purporting to show expenditures of $2,300 made on the client's behalf. However, investigation of those purported expenditures revealed that many of them were not allowable, and others had in fact not been incurred.

Disciplinary counsel filed a Petition for Disciplinary Action on October 27, 2010, alleging the above facts and asserting that the respondent had violated Article V, Rules 1.5 and 8.4(c) of the Supreme Court Rules of Professional Conduct. On May 3, 2010, shortly before the scheduled disciplinary hearing, the respondent refunded the entire $3,000 to the client.

At the ensuing disciplinary hearing the respondent did not contest the above-noted facts and acknowledged he had violated the rules as charged. He presented the following testimony in mitigation. The respondent practices extensively in the area of disability claims. He has no prior disciplinary history. He is the sole provider for his family and has a child with health problems. He also acts as caretaker for his parents, who also have significant health issues. He has had to reduce the time spent on his law practice to care for these family members.

The respondent acknowledged that he exercised poor judgment in his representation of this client, and is remorseful for his conduct. He has made full restitution to the client, for whom he obtained a successful settlement.

The board found that the respondent violated the rules as charged. We agree. Rule 1.5, entitled "Fees," provides, in pertinent part: "(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee * * *." By charging his client a fee in excess of that provided by his written fee agreement and in excess of the maximum allowable by Social Security Administration regulations at the time he and the client entered into the agreement, and by charging unreasonable expenses, the respondent has violated this rule.

Rule 8.4, entitled "Misconduct" provides, in pertinent part: "It is professional misconduct for a lawyer to * * * (c) engage in

conduct involving dishonesty, fraud, deceit or misrepresentation." The respondent violated this rule by making misrepresentations to disciplinary counsel in order to justify his unearned fees and expenses.

The disciplinary board has recommended that we order the respondent to provide *pro bono* legal services as a sanction for this misconduct. Article III, Rule 3 of the Supreme Court Rules of Disciplinary Procedure provides a wide-range of available sanctions for misconduct, including an order to provide *pro bono* legal services. We give great weight to recommendations of the board, but are not bound by those recommendations. *Lisi v. Several Attorneys*, 596 A.2d 313, 316 (R.I. 1991).

The purposes of professional discipline are to protect the public and maintain the integrity of the profession. *In re McBurney*, 13 A.3d 654, 655 (R.I.2011) (quoting *In re Almonte*, 678 A.2d 457, 458 (R.I. 1996)). We weigh both mitigating and aggravating factors in determining the appropriate level of discipline that will best serve those functions. *In re Fishbein*, 701 A.2d 1018, 1020 (R.I.1997). In this case we believe the board's recommendation serves those functions, but that a harsher sanction would also be appropriate. Therefore, while we defer to the board's recommendation in this case, we wish to make it clear that similar conduct in the future may result in the imposition of a more significant sanction.

Accordingly, the respondent, David A. Salzillo, is hereby ordered to provide seventy five (75) hours of *pro bono* legal services within one (1) year from the date of this order. The respondent shall provide written proof that he has complied with this order to disciplinary counsel.