## In the Matter of Bruce P. GLADSTEIN.

### No. 2012–41–M.P.

Supreme Court of Rhode Island.

Feb. 10, 2012.

David Curtin.

Joseph A. Kelly

### ORDER

This disciplinary case came before the Court at its conference on December 9, 2011, pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Bruce P. Gladstein, be suspended from the practice of law for nine months. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

"If the [Disciplinary] Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

We directed the respondent to appear before this Court to show cause, if any, why we should not impose the sanction recommended by the board. Having heard the representations of the respondent, his counsel, this Court's Disciplinary Counsel, and having reviewed the record, we determine that the respondent has failed to show cause why he should not be disciplined.

The relevant facts are as follows. Philip Poulin (hereinafter referred to as Poulin) retained the respondent to represent him on a contingency fee basis in a claim for damages arising from an automobile accident which occurred on October 25, 2006. In September of 2008 the respondent negotiated a settlement of the claim for $21,000, which was accepted by Poulin. The respondent received a settlement check for that amount, which he deposited into his client account on October 7, 2008. The respondent made disbursements from that account to Poulin and to himself for his fee in this matter and for legal services provided to Poulin in an unrelated matter, and he withheld funds to pay medical bills incurred as a result of Poulin's injuries. Shortly after Poulin accepted the settlement proceeds from the respondent, Poulin informed the respondent that his medical insurance company had already paid some of the medical bills.

The respondent forwarded an additional payment to Poulin to reimburse him for those previously paid medical expenses and, with the agreement of Poulin, the respondent retained $5,318 to pay the remaining medical bills. However, the respondent did not pay those bills or release additional funds to Poulin.

On September 27, 2010, after unsuccessful attempts to obtain an accounting from the respondent for his funds, Poulin filed a complaint with the Disciplinary Counsel. On December 7, 2010, the respondent paid $2,820 to satisfy Poulin's remaining unpaid medical bill, and on March 28, 2011, he remitted $2,497 to Poulin, reimbursing him for funds withheld at the time of settlement and not forwarded to other parties to pay Poulin's medical expenses.

On November 9, 2010, during the course of investigating Poulin's complaint, a subpoena was issued by Disciplinary Counsel for the respondent's financial records. A review of those records revealed that respondent had failed to maintain Poulin's funds in his client account and that he had converted those funds for his own use. Additionally, the review revealed that the respondent improperly paid personal bills from his client account, including his home mortgage, car lease payments, personal credit card bills, and other expenses.

This Court's Disciplinary Counsel filed a petition for disciplinary action setting forth the above facts and asserting that respondent's conduct violated Rules 1.15(a)(d)[1]

---

1. Article V, Rule 1.15 of the Supreme Court Rules of Professional Conduct, entitled "Safekeeping property", provides, in relevant part: "(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

Rule 1.15(d) provides: "Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the

and 8.4(b)(c)[2] of Article V, the Supreme Court Rules of Professional Conduct. At the ensuing disciplinary hearing, the respondent admitted that the above facts were true and acknowledged that his conduct was in violation of the rules as charged. He presented evidence in mitigation that turmoil in his family life, his own medical issues, and a flood in his office had a devastating impact on his practice. At the time of the disciplinary hearing all client funds had been properly disbursed and accounted for. The respondent has practiced law in this state since 1995 and has no prior discipline. He fully cooperated with the investigation of this complaint, and he is remorseful for and embarrassed by his misconduct.

After weighing the facts and the mitigation testimony, the board concluded that a nine month suspension is an appropriate sanction for the respondent's admitted misconduct. We give great weight to the recommendation of the board. *In re Salzillo*, No. 2011-370-M.P., 37 A.3d 107, 2011 WL 5877238 (R.I., filed Nov. 23, 2011). In similar cases we have suspended an attorney from the practice of law for one year.

*See In re Hellew*, 828 A.2d 531 (R.I.2003); *In re Brown*, 735 A.2d 774 (R.I. 1999). We concur with the board that the respondent has provided sufficient mitigating evidence that a nine month suspension is an appropriate sanction in this case.

Accordingly, the respondent, Bruce P. Gladstein, is suspended from the practice of law for nine months, commencing thirty days from the date of this order. During this thirty-day period, he shall conclude those pending matters that can be resolved and arrange for the orderly transfer of his remaining client matters to new counsel of the client's choosing. He shall not take on any new cases. Within ten days of the commencement of his suspension, he shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure.

client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

2. Article V, Rule 8.4(b) of the Supreme Court Rules of Professional Conduct, entitled "Misconduct," provides: "It is professional misconduct for a lawyer to: * * * (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

Rule 8.4(c) provides: "It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."