## In the Matter of David I. McKENNA.
## No. 2013–279–M.P.

Supreme Court of Rhode Island.

Oct. 17, 2013.

David Curtin, Chief Disciplinary Counsel, for Petitioner.

David I. McKenna, Pro Se.

SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

### ORDER

This attorney disciplinary matter came before the Court at its conference on September 12, 2013. On August 16, 2013, this Court's disciplinary board (board) forwarded to the Court a decision and recommendation that the respondent, David I. McKenna (the respondent), be suspended from the practice of law for at least three months and that he be required to apply for reinstatement. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

"If the Board determines that a proceeding should be * * * concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this court. This court shall review the record and enter an appropriate order."

We directed the respondent to show cause, if any, why we should not impose the discipline recommended by the board. Having heard the representations of the respondent, who appeared pro se, and this Court's Disciplinary Counsel, and having

reviewed the record, we deem that an order suspending the respondent from the practice of law is appropriate.

The facts giving rise to this disciplinary proceeding are as follows. In May 2012, John D'Errico (D'Errico), retained the respondent to prepare estate planning documents on his behalf. The respondent prepared draft documents and met with D'Errico to review those drafts on June 7, 2012. After discussion, the respondent agreed to make changes to the drafts and provide the completed documents to D'Errico for execution. At that time D'Errico paid the respondent a fee of $1,642.00.

The respondent did not forward the completed documents to D'Errico. D'Errico made telephone calls to the respondent seeking those documents, but those calls were not returned. On September 13, 2012, D'Errico filed a complaint with this Court's Disciplinary Counsel regarding the respondent's failure to communicate with him or provide the documents for which he had paid. The respondent did not reply to two written requests from Disciplinary Counsel that he file a response to D'Errico's complaint.

On November 8, 2012, the respondent met with Disciplinary Counsel to discuss this complaint. At that meeting he presented copies of the documents he had completed for D'Errico, advised Disciplinary Counsel that he would forward the documents to D'Errico, and would also file his written response to D'Errico's complaint. He failed to follow through on either of those representations.

Disciplinary Counsel filed a petition for disciplinary action on January 18, 2013, alleging the above facts and asserting that the respondent had violated Article V,

Rules 1.3[1], 1.4[2], and 8.1[3] of the Supreme Court Rules of Professional Conduct. The board conducted a hearing on the petition on April 3, 2013, during which the respondent admitted most of the allegations contained in the petition, but claimed for the first time that he had submitted necessary documentation to the State of Rhode Island, Division of Taxation, and had not received a response from that agency. He offered this explanation as a partial excuse for why he had not provided D'Errico all of his requested documents. The board concluded the hearing on that day.

Disciplinary Counsel contacted the Division of Taxation to verify the information provided by the respondent at the hearing. According to the records of the division, the respondent had submitted an incorrect filing with the division on November 9, 2012. On November 14, 2012, the division sent notice to the respondent that he had not submitted the correct documentation and forwarded to him the proper forms to complete and return to the division. The respondent had no further contact with the division.

Upon receiving this information, Disciplinary Counsel filed a motion to reopen the record in accordance with the provisions of Rule 3.41 of the Rules of Procedure of the Disciplinary Board of the Supreme Court.[4] The respondent did not object to the motion, and the board reconvened on June 3, 2013 to receive evidence relating to the representations made by the respondent at the hearing held on April 3, 2013. The board concluded that the respondent lied regarding his claimed difficulties with the Division of Taxation.

The board has recommended that we suspend the respondent for at least three months and that he be required to apply for reinstatement, should he choose to do so, at the conclusion of that period. We believe that the board's recommendation is appropriate. We note that the respondent was suspended by this Court on October 16, 2006 for neglecting client cases and failing to adequately communicate with those clients. *In re McKenna*, No.2006–287–M.P. (R.I., filed Oct. 16, 2006). He was reinstated on June 18, 2009. *In re McKenna*, 973 A.2d 620 (R.I.2009). We previously have suspended attorneys with a demonstrated history of neglect with a requirement that they must apply to this court for reinstatement. *See In re Fishbein*, 8 A.3d 1038, 1039 (R.I.2010).

Accordingly, the respondent, David I. McKenna, is suspended from the practice

---

1. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct, entitled "Diligence," provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

2. Article V, Rule 1.4 of the Supreme Court Rules of Professional Conduct, entitled "Communication," provides, in pertinent part:

"(a) A lawyer shall:
"(2) * * * reasonably consult with the client about the means by which the client's objectives are to be accomplished;
"(3) keep the client reasonably informed about the status of the matter;
"(4) promptly comply with the reasonable requests for information * * *."

3. Article V, Rule 8.1 of the Supreme Court Rules of Professional Conduct, entitled "Bar admission and disciplinary matters" provides, in pertinent part: "a lawyer in connection with * * * a disciplinary matter * * * shall not * * * (b) * * * knowingly fail to respond to a lawful demand for information from * * * disciplinary * * * authority * * *."

4. Rule 3.41 of the Rules of Procedure of the Disciplinary Board of the Supreme Court, provides, in pertinent part:
"(a) Petition to reopen. At any time after the conclusion of a hearing in a proceeding, any participant in the proceeding may file with the Board a petition to reopen the proceeding for the purpose of taking additional evidence."

of law for at least three months, commencing thirty days from the date of this order. During this thirty-day period, he shall conclude those pending client matters that can be resolved and arrange for the orderly transfer of his remaining client matters to new counsel of the client's choice. He shall not take on any new matters.

Within ten days of the commencement of his suspension, he shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure. He may apply to this Court for reinstatement after three months from the date of his suspension.